UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIM ALAN GASS f/k/a TIM ALAN WARNER,

               Plaintiff,

  v.

KELDY HENDRICKS, CATHI HARRIS, PATRICIA WILLIAMS, and LESLIE SZIEBERT,

               Defendants.

No. C11-5732 RJB/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for the appointment of counsel. ECF No. 7. Having carefully reviewed Plaintiff's motion and balance of the record, the Court finds, for the reasons stated below, that Plaintiff's motion should be denied.

## DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional

ORDER DENYING MOTION FOR COUNSEL - 1

circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff filed his complaint *pro se* and has demonstrated an adequate ability to articulate his claims *pro se*.  This case is not complex.  Plaintiff claims that Defendants have subjected him to emotional and physical abuse in violation of the Eighth Amendment. ECF No. 4.

Plaintiff is requesting appointment of counsel because he is "special needs" and has been diagnosed with "borderline intellectual functioning disorder."  He also states that he has not understood any of the paperwork sent to him and had assistance in writing his letter requesting the appointment of counsel. ECF No. 7. Based on the information submitted by Plaintiff, however, the Court is unable to determine whether any such disabilities hinder Plaintiff's ability to adequately articulate his claims.  He has set forth his claims clearly in his complaint.  In addition, the Court is aware that Plaintiff previously successfully participated in litigation against

ORDER DENYING MOTION FOR COUNSEL - 2

the Special Commitment Center without the assistance of counsel. *See, Cappello, et al. v. Seling,* C02-5242 RLB-KLS (ECF No. 346). If Plaintiff needs additional time to prosecute this matter due to mental or physical constraints, he should provide the Court with documentation of his medical conditions so that the Court may make a determination as to any additional time and/or assistance that may be required in this case.

The Court finds no exceptional circumstances in this case. While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Moreover, Plaintiff has not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion for the appointment of counsel (ECF No. 7) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

**DATED** this  18th  day of October, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3